# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,        :        Case No. 1:23-cv-424

  - vs -                        District Judge Douglas R. Cole
                                  Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby pursuant to 28 U.S.C. § 2254, is before the Court for initial review.

Under the Court's random assignment procedure, the case was initially assigned to District Judge Michael Barrett. However, after consultation, Judge Barrett and District Judge Cole agreed that this case was related to Petitioner's earlier habeas corpus case, *Kirby v. Warden*, Case No. 1:21-482, and should be transferred to Judge Cole and the undersigned (ECF No. 4).

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The prior case, filed July 19, 2021, challenged Petitioner's conviction in May 2019 for burglary and arson in the Butler County Court of Common Pleas, the same conviction challenged here. On August 10, 2022, the undersigned recommended the Petition in that case be dismissed with prejudice (ECF No. 32). Although Petitioner took a lengthy extension of time to file objections, he never did so. Instead, several days before the extended deadline, he voluntarily dismissed his Petition without prejudice on November 18, 2022 (ECF Nos. 35, 36). The instant case was then filed July 11, 2023 (ECF No. 1).

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the Petition, sentence was imposed on May 8, 2019 (ECF No. 1, ¶ 2(b)). The

judgment in the case became final on direct appeal ninety days after the Supreme Court of Ohio declined jurisdiction on direct appeal December 15, 2020, when Petitioner's time to seek certiorari from the United States Supreme Court expired (Entry, State Court Record, ECF No. 7, Ex. 19). The one-year statute of limitations for habeas corpus actions was tolled under 28 U.S.C. § 2244(d)(2) while Kirby's petition for post conviction relief was pending or until August 17, 2021. *Id.* at Ex. 35. Because Petitioner filed the prior case July 19, 2021, the one-year time bar did not apply to the prior case.

The instant Petition, however, was not filed until June 27, 2023, when Kirby deposited it in the prison mailing system (See Petition, ECF No. 1, PageID 15). The one-year statute began to run on August 17, 2021, and expired a year later on August 17, 2022. The instant Petition was thus over ten months late. Although a properly filed collateral attack on the conviction in the state courts will toll the statute under 28 U.S.C. § 2254(d)(2), Kirby's prior habeas petition did not toll the statute because it was not a **state** collateral attack. *Duncan v. Walker,* 533 U.S. 167 (2001).

¶ 18 of the standard form for habeas corpus petitions asks every petitioner to explain why the petition is not barred by the statute of limitations if it is being filed more than a year after the conviction became final. Kirby has left this portion of the Petition completely blank (ECF No. 1, PageID 13-14).

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d

3

292 (6th Cir. 2015). This Report constitutes notice to Petitioner of the recommendation to enforce the statute of limitations in this case. If he has any response, he should include it in any objections filed in this case.

**Conclusion**

Because the Petition herein is barred by the statute of limitations in 28 U.S.C. § 2244(d), the Magistrate Judge respectfully recommends that the case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 14, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
