# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,      :    Case No. 1:23-cv-424

  - vs -                         District Judge Douglas R. Cole
                                   Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                   :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby pursuant to 28 U.S.C. § 2254, seeks relief from his convictions for aggravated burglary, aggravated arson, and arson in the Butler County Court of Common Pleas (Petition, ECF No. 1, PageID 1). Upon initial review after the case was transferred to District Judge Cole, the undersigned recommended that the Petition be dismissed with prejudice as barred by the statute of limitations, 28. U.S.C. § 2244. Petitioner was expressly requested to respond on the statute of limitations in any objections he might file (Report and Recommendations, ECF No. 7).

      Petitioner has now filed Objections (ECF No. 11) and Judge Cole has recommitted the case for reconsideration in light of the Objections (ECF No. 12).

      The challenged conviction occurred May 8, 2019. Kirby filed a timely habeas corpus petition challenging that conviction July 19, 2021 (Case No. 1:21-cv-482). The case was

pending on a report and recommendations from the undersigned to dismiss the case on the merits when on November 18, 2022, Kirby voluntarily dismissed the case without prejudice. The instant case was then filed July 11, 2023, over ten months after the statute had run; the calculation of that date appears in the Report (ECF No. 7, PageID 46).

> In his Objections, Kirby asserts :
>
>> As to filing of an earlier petition, the United State Supreme Court recognized a new federal and State right applies retroactively to a person in Kirby situation and the petition asserts a claim based on that right, see *State v. Hatton* 205 N.E. 3d 513 [Nov. 10, 2022] and *S[t]ate v. Bethel* 192 N.E. 3d 470 [Mar. 22, 2022].

(Objections, ECF No. 11, PageID 57).

Kirby appears to be relying on 28 U.S.C. § 2244(d)(1)(C) which provides the statute of limitations will run from:

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

This argument is unpersuasive because (1) the statute refers to decisions by the United States Supreme Court and these two decisions are from the Ohio Supreme Court; (2) neither case purported to recognize a new constitutional right or apply it retroactively to cases on collateral review; and (3) *Bethel* was decided more than a year before the instant Petition was filed.

Kirby asserts that he has pleaded different grounds for relief in the instant Petition than in the prior one. That is irrelevant: the statute runs from the date of conviction regardless of what claims are pleaded. Kirby asserts that he is now pleading "actual innocence." An established actual innocence claim will excuse a missed statute of limitations date. *McQuiggin v. Perkins*, 569

U.S. 383 (2013).  However, Kirby has presented no evidence of actual innocence of the quality necessary to meet the *Schlup v. Delo*[1] standard.

**Conclusion**

Upon reconsideration, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 31, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] *Schlup v. Delo*, 513 U.S. 298, 319 (1995).