IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,     :     Case No. 1:23-cv-424

  - vs -                            District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                          :
        Respondent.

## WITHDRAWAL OF REPORTS; ORDER FOR ANSWER

This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 13) recommending dismissal.

Upon reconsideration, the Magistrate Judge concludes the case requires a full response from the State of Ohio before reaching a decision. Accordingly, the Report and Recommendations (ECF No. 7) and the Supplemental Report and Recommendations (ECF No. 13) are WITHDRAWN.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than sixty days from the date of this Order, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each

allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. Respondent may not file a motion to dismiss in lieu of the prescribed answer. Respondent is directed to consider the statute of limitations question in detail.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. Petitioner's conviction in issue is the subject of an earlier case in this Court, Case No. 1:21-cv-482. Respondent shall re-file in this case the State Court Record from the former case for consistency and ease of citation.

The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

Petitioner has previously attempted to plead claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  If Petitioner renews his motion to amend to add such claims, he should understand that a claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986).  The Court finds that Petitioner has waived the attorney-client communication privilege for any communications relevant to his claims made in the Petition.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may file and serve a reply to the answer not later than twenty-one days after the answer is filed.

The Clerk is directed to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section, c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

July 1, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

3