# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,    :    Case No. 1:23-cv-424

  - vs -                           District Judge Douglas R. Cole
                                            Magistrate Judge Michael R. Merz

TOM WATSON, WARDEN, North Central
 Correctional Complex,

                                         :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought by Petitioner Bryan Kirby *pro se* under 28 U.S.C. § 2254 to obtain relief from his 2022 conviction in the Butler County Court of Common Pleas on charges of aggravated arson, aggravated burglary, and arson (Petition, ECF No. 1, PageID 1). On the Court's Order (ECF No. 17), Respondent has filed the State Court Record (ECF No. 23) and a Return of Writ (ECF No. 24). Petitioner has responded with a Reply (ECF No. 30), making the case ripe for decision.

Respondent's counsel, Ohio Attorney General Dave Yost, reports that Petitioner is presently in the custody of Tom Watson, Warden of the Ohio North Central Correctional Complex. Accordingly, Watson is substituted for Jenny Hildebrand, the originally named Respondent, and the caption is ordered amended as set forth above.

**Litigation History**

On August 1, 2018, the Butler County Grand Jury indicted Petitioner on one count of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(1) (Count 1); one count of assault in violation of Ohio Revised Code § 2903.13(A) (Count 2); two counts aggravated arson in violation of Ohio Revised Code § 2909.02(A)(2)(Counts 3-4); one count of arson in violation of Ohio Revised Code § 2909.03(A)(1)(Count 5); and one count of arson in violation of Ohio Revised Code § 2909.03(B)(1)(Count 6).

A jury convicted Petitioner on all counts and he was sentenced to an aggregated prison term of thirteen years. Kirby took a direct appeal with new counsel, but his conviction was affirmed. *State v. Kirby*, 2020-Ohio-4005 (Ohio App. 12th Dist. Aug. 10, 2020). The Supreme Court of Ohio declined to exercise jurisdiction over a further appeal. *State v. Kirby*, 160 Ohio St.3d 1495 (Dec 15, 2020).

On September 25, 2020, Kirby filed a *pro se* petition for post-conviction relief under Ohio Revised Code § 2953.21 raising a single claim of ineffective assistance of trial counsel for failure to investigate. (State Court Record, ECF No. 23, Ex. 20). The trial court denied the petition and the Twelfth District affirmed. *Id.* at Exs. 23, 32. The Ohio Supreme Court again declined jurisdiction over an appeal. *Id.* at Ex. 35.

Kirby filed his initial habeas corpus petition in this Court in Case No. 21-cv-00482. He voluntarily dismissed that case on November 18, 2022. *Id.* at Ex. 39. He also filed a motion for new trial and a second post-conviction petition in the state trial court, both of which were denied. *Id.* at Exs. 42-44, 46. The Twelfth District affirmed. *State v. Kirby*, 2022-Ohio-4477 (Dec. 12, 2022). The Ohio Supreme Court again declined to exercise jurisdiction. *Id.* at Ex. 54.

Kirby filed his current Petition on June 27, 2023, pleading one ground for relief:

> **Ground One:** The trial court abuse [sic] its discretion.
>
> **Supporting Facts:** When it failed to hold a hearing on the motion of leave the Appellant filed. This violated the appellant's right to be heard as the evident the appellant put forth met the requirement pursuant to Criminal Rule 33 as well as the Ohio Postconviction conviction statute dictate.

(Petition, ECF No. 1, PageID 5).

## Analysis

**Statute of Limitations**

Respondent asserts Kirby's Petition should be dismissed because it was untimely filed.

Prior to adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), state prisoners could seek habeas corpus relief as long as they remained in custody. In the AEDPA Congress adopted a statute of limitations for the first time. Codified at 28 U.S.C. § 2244(d), that statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying § 2244(d)(1)(A) to this case, Respondent argues that Kirby's conviction became final on direct review March 15, 2021, when his time to seek certiorari from the United States Supreme Court expired, ninety days after the Ohio Supreme Court declined jurisdiction over his direct appeal. His filing on June 27, 2023, would thus be untimely unless the statute was somehow tolled in the meantime.

Respondent implicitly concedes Kirby's post-conviction petition, during its pendency, tolled the statute until the Ohio Supreme Court declined jurisdiction over an appeal of denial of that petition on August 17, 2021 (Return, ECF No. 24, PageID 1379, citing State Court Record, ECF No. 23, Ex. 35).

After denial of the post-conviction petition, Kirby filed a motion for leave to file a delayed motion for new trial which the trial court denied. The Ohio Twelfth District Court of Appeals affirmed, holding

> We instead agree with the trial court's decision finding the record devoid of any evidence indicating Kirby's motion was anything other than a frivolous filing. This is because, as the record indicates, it was no secret that the Ford Explorer was subject to a recall at the time of Kirby's trial. It was also no secret that there existed an impound lot that police could have, in theory, used to store the fire damaged Ford Explorer after Kirby set the vehicle on fire. This holds true regardless of whether Kirby, or his trial attorney, were actually aware of these facts at the time Kirby's trial began.

4

*State v. Kirby,* 2022-Ohio-4447 (12th Dist. Dec. 12, 2022). Because the evidence in question could readily have been discovered at the time of trial, its supposed later discovery did not qualify under Ohio R. Crim. P. 33.

Under 28 U.S.C. § 2254(d)(2), only a "properly filed" collateral attack on a criminal judgment can toll the statute of limitations. In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

531 U.S. at 8. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. § 2244(d)(2). Applying this precedent, the Magistrate Judge concludes Kirby's motion for leave to file a delayed motion for new trial did not toll the statute of limitations. See discussion infra of the impact of *State v. Bethel*, 167 Ohio St. 3d 362 (2022), and *State v. Hatton*, 169 Ohio St. 3d 446 (2022).

As Respondent points out, Kirby provided no argument for the timeliness of his Petition in the Petition itself. For that the Court must turn to his Reply.

Instead of directly addressing the limitations question, Kirby begins his 33-page Reply with a discussion of the supposed materiality of the "new" evidence under *Arizona v. Youngblood*, 488 U.S. 51(1988), and *California v. Trombetta,* 467 U.S. 479 (1984)(Reply, ECF No. 30, PageID

5

1396-97).  He follows with a summary of the facts presented at trial from his point of view. *Id.* at PageID 1398-1401. Accepting the one-year statute of limitations as controlling, he asserts "The petitioner has complied with the oneyear [sic] statute of limitation having filed this action well in advance of the expiration of the one-year period." *Id.* at PageID 1402.  But then he does nothing to substantiate that claim, in fact apparently conceding that his motion to leave to file a delayed motion for new trial does not toll the statute. *Id.* at PageID 1414.

Kirby then asserts the one-year statute should be calculated from the decision of the Supreme Court of Ohio on April 11, 2023. *Id.* at PageID 1417.  In that decision, the Ohio Supreme Court declined jurisdiction of an appeal from the Twelfth District's decision affirming denial of Kirby's Motion to Leave to file a Delayed Motion for New Trial.  (See Entry, State Court Record, ECF No. 23, Ex. 54, declining review of Judgment, State Court Record, ECF No. 23, Ex. 51).  As established above, Kirby's Motion for Leave to File a Delayed Motion to New trial did not toll the statute because it was not properly (i.e. timely) filed.  That absence of any tolling effect persists from its initial filing through denial of Ohio Supreme Court review.

Beginning at page 25 of his Reply Kirby takes issue with the Twelfth District's conclusion that his "new evidence" could have been discovered at the time of trial.  He returns to his argument under *Trombetta* and *Youngblood*.  *Id.* at PageID 1418-20.  Those cases provide a **substantive** basis for habeas relief; they do not speak to the timeliness issue which is procedural.

Kirby next turns to his claim of actual innocence and writes:

> Of greater importance, the individual interest in avoiding injustice is most impelling in the context of actual innocence. The quintessential miscarriage of justice has been committed on an innocence person such as Kirby. The defendant Kirby is entirely innocent that is regarding the concern about the injustice which is the result of Kirby's charges and conviction of sentence. The concern is reflected; for example, the fundamental value determination of our society that it is far worse to convict an

> innocent man like Kirby than to let a guilty person go free. See *In re Worship* [sic] 397 U. S. 358 [1970].

Reply, ECF No. 30, PageID 1420. The correct citation is *In re Winship*, 397 U.S. 358 (1970), which held that the reasonable doubt standard of proof applies in juvenile criminal proceedings. It is correct that new evidence factual innocence will excuse failure to comply with the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit anticipated *McQuiggin* by holding Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Kirby's new evidence does not meet this standard. It is not scientific or physical evidence. A "reliable eyewitness account" could presumably satisfy the *Souter* standard if it were, for example, alibi testimony that Kirby was many

7

miles from the scene of the crime. But Kirby's false alibi witness, presented to the jury and exposed as false, cuts against his claim of actual innocence.

In Part V of his Reply, Kirby argues

> The Brady Standard is the progenitor that creates progeny of case law suchlike in Bethel and Hatton having a state right which applied retroactively.

(Reply, ECF No. 30, PageID 1421). The Magistrate Judge reads this assertion to be that *Brady v. Maryland*, 373 U.S. 83 (1963), gave rise to cases such as *State v. Bethel*, 167 Ohio St. 3d 362 (2022), and *State v. Hatton*, 169 Ohio St. 3d 446 (2022), and the rights recognized in those cases apply retroactively.

In *Bethel* the Ohio Supreme Court abrogated Ohio precedent which required that a defendant file a motion to leave to file a delayed motion for new trial within "a reasonable period of time after discovering evidence on which he relied, *Bethel* at ¶¶ 5 of the syllabus abrogating *State v. Thomas*, 93 N.E.3d 227, *State v. Stansberry*, 1997 WL 626063, and *State v. York*, 2001 WL 332019.

The *Bethel* Court made clear its decision was based on interpreting the language of Ohio Rule of Criminal Procedure 33. It concluded that because the "reasonable time" requirement was not in the text of the rule, its addition by Ohio courts of appeal was improper. *Bethel*, 167 Ohio St. at ¶¶ 54-55. It said nothing about the retroactivity of its rulings.

*Bethel* was decided March 22, 2022. Kirby's Motion was filed April 14, 2022, but makes no mention of *Bethel* (State Court Record, ECF No. 23, Ex. 43). Because the Motion for New Trial was decided after *Bethel* was handed down, *Bethel* was clearly applicable. In denying the Motion, Judge Haughey found "All of these issues [presented in the Motion] were either presented at trial or considered on the appeal as of right." In other words, he found not that Kirby's Motion

was untimely, but that they were essentially rearguments of issues already presented (Decision, State Court Record, ECF No. 23, Ex. 46). Kirby's appeal brief, filed July 18, 2022, also does not raise a *Bethel* or *Hatton* issue (Appeal Brief, State Court Record, ECF No. 23, Ex. 48). Kirby does cite *Bethel* in his Memorandum in Support of Jurisdiction to the Ohio Supreme Court, claiming that because he has shown a *Brady* violation, he has satisfied the "unavoidably prevented" standard. *Id.* at Ex. 53, PageID 561. This essentially ignores the conclusion of the trial and appellate courts that there was no *Brady* violation because the existence of the impound lot and the recall notice were "no secret" at the time of trial. *State v. Kirby, supra,* at ¶ 13.

*Bethel* and *Hatton*, having been decided prior to the Twelfth District's decision in this case, were the law of the State of Ohio at the time the Twelfth District acted. But its decision is in no way contrary to that precedent: it did not decide the Motion on timeliness grounds, but on the merits.

To prevail on his habeas corpus claim Kirby must show that the Twelfth District's decision was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. His single ground for relief[1] is that the state trial court abused its discretion in denying his motion for a new trial without conducting an evidentiary hearing (Petition, ECF No. 1, PageID 55). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68

---

[1] Kirby does not seek to reinstate the grounds for relief which were in his earlier Petition that he voluntarily dismissed.

(1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). The claim that a state court abused its discretion in ruling in a criminal case does not state a claim for relief in habeas corpus; abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Whether Kirby was entitled to an evidentiary hearing on his Motion for New Trial is a question of Ohio law, not federal constitutional law.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 19, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #