# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,      :    Case No. 1:23-cv-424

   - vs -                         District Judge Douglas R. Cole
                                       Magistrate Judge Michael R. Merz

TOM WATSON, WARDEN, North Central
 Correctional Complex,

                                                     :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case was brought by Petitioner Bryan Kirby *pro se* under 28 U.S.C. § 2254 to obtain relief from his 2022 conviction in the Butler County Court of Common Pleas on charges of aggravated arson, aggravated burglary, and arson (Petition, ECF No. 1, PageID 1). It is before the Court on Petitioner's Objections (ECF No. 35) to the pending Report and Recommendations ("Report") recommending the Petition be dismissed with prejudice as untimely filed (ECF No. 32). District Judge Cole has recommitted the case for consideration of the Objections (ECF No. 36).

The Petition pleads one ground for relief:

> **Ground One:** The trial court abuse [sic] its discretion.
>
> **Supporting Facts:** When it failed to hold a hearing on the motion of leave the Appellant filed. This violated the appellant's right to be heard as the evident [sic] the appellant put forth met the requirement pursuant to Criminal Rule 33 as well as the Ohio Postconviction conviction statute dictate.

1

(Petition, ECF No. 1, PageID 5).  The Report recommended dismissal because the Petition was filed after expiration of the one-year statute of limitations enacted in 28 U.S.C. § 2244(d)(Report, ECF No. 32).  Kirby made a claim that his actual innocence excused his untimely filing.  The Report rejected that claim because the new evidence presented was not sufficient to meet the actual innocence standard adopted in *Schlup v. Delo*, 513 U.S. 298, 319 (1995).  That is, it was not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.  The Report also noted that the Petition failed to state a claim for relief under the United States Constitution because habeas corpus does not extend to abuse of discretion claims.  Abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Petitioner's Objections**

Petitioner's Objections begin by asserting that he has made "several substantial federal constitutional claims in his habeas corpus petition," but does not say what they are beyond the one ground for relief he pleaded.  He then states he will not address the claims in the order they were previously presented so that their new statement will be made clear and more precise (ECF No. 35, PageID 1477).

Under Claim I he asserts the new evidence he has presented is sufficient to satisfy the *Schlup* standard. *Id.*

The new evidence to which he adverts is the evidence of existence of an impound lot operated by the Middletown Police Department and of service records of the burned Ford Explorer showing it had not been repaired in accordance with a vehicle recall.  But that evidence is not

2

"new" in the sense meant by *Schlup*. It was considered by the Twelfth District Court of Appeals on direct appeal and again on appeal from denial of Kirby's motion for new trial. On the latter occasion that court said:

> ¶ 13 Kirby argues the trial court erred by denying his motion for leave to file a motion for a new trial because he put forth evidence that, prior to his trial taking place in the spring of 2019, there existed an impound lot that police could have used to store the Ford Explorer he was alleged to have set on fire. Kirby also argues the trial court erred by denying his motion for leave because the vehicle "had a recall that was not satisfied, and the trial attorney failed to investigate that point." However, after a full; and thorough review of the record, we find the trial court did not err by denying Kirby's motion, nor did the trial court err by making that decision without holding an evidentiary hearing. We instead agree with the trial court's decision finding the record devoid of any evidence indicating Kirby's motion was anything other than a frivolous filing. This is because, as the record indicates, it was no secret that the Ford Explorer was subject to a recall at the time of Kirby's trial. It was also no secret that there existed an impound lot that police could: have, in theory, used to store the fire damaged Ford Explorer after Kirby set the vehicle on fire. This holds true regardless of whether Kirby, or his trial attorney, were actually aware of these facts at the time Kirby's trial began.

(Judgment, State Court Record, ECF No. 23, Ex. 51, PageID 551).

Kirby proceeds next to reargue his claim under *California v. Trombetta*, 467 U.S. 479 (1984), that the State destroyed material evidence when it did not keep the burned car. No recommendation on this point is included in the Report.

Kirby's labeled "Second Objection" is that the Report repeats the "untruthful placitude" [sic] that Kirby's fire investigator conceded photographs of the burned vehicle were sufficient for his investigation (Objections, ECF No. 35, PageID 1482). That is simply not true. While the Report notes that Kirby spent a great deal of his Reply arguing his *Trombetta* claim, it principally noted that this argument did not address the timeliness issue.

Kirby's Third Objection reargues the merits of his state court motion for leave to file a

3

motion for new trial, focusing on whether he was "unavoidably prevented" from discovering relevant facts. He writes: "The Magistrate Judge is clearly in error," but then argues the error of the state trial court judge in not granting him a new trial or at least an evidentiary hearing on his motion for leave (Objections, ECF No. 35, PageID 1486, et seq.).

Kirby's Fourth Objection is that the trial judge's abuse of discretion in denying a hearing is a due process violation. *Id.* at PageID 1487-89.

Kirby's theory seems to be that any asserted constitutional violation related to the admission or consideration of evidence allows a federal habeas court to consider the excluded evidence in deciding actual innocence for statute of limitations purposes. Assuming for the sake of argument that that is true, it does not speak to the ultimate actual innocence question. As the Supreme Court wrote in *McQuiggin*

> We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met").

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

Kirby's claim of actual innocence is not persuasive. On direct appeal, the Twelfth District found the following facts:

> ¶ 2 One morning in early September 2017, in Middletown, Ohio, appellant's estranged wife awoke to knocking on her house's front door. When she answered the door, she saw a man running away but warning that her house was on fire. She went outside and observed that her vehicle, a Ford Explorer, parked in the driveway was fully engulfed in flames and that the fire had spread to her house, the detached garage in front of the vehicle, and her neighbor's wooden fence next to the driveway. The heat from the fire was intense enough to damage the siding of the neighbor's house. She quickly

went back inside to rescue her young son and then retreated across the street. The fire department arrived and successfully extinguished the fire.

¶ 3 Fire and police departments opened investigations to determine the cause of the fire. As part of the investigation, a police detective interviewed appellant. In the initial interview appellant told the detective that he was not in Middletown on the day of the fire. In a subsequent interview, however, appellant acknowledged that he was in Middletown on the day of the fire but had gone there to meet a woman at a pharmacy downtown. Appellant refused to provide the police with the name or contact information for this mystery woman. The detective attempted to corroborate appellant's story by retrieving surveillance video from businesses near the pharmacy, but the videos failed to show appellant in the area that morning. Meanwhile, the fire department investigator determined that the fire originated in the vehicle and the cause was man-made. A second fire investigator for the wife's insurance company came to the same conclusion as to the fire's origin and cause.

¶ 4 Later, in April 2018, appellant visited one of his cousins in Middletown. The cousin noticed that appellant was acting odd that day as he seemed anxious and stressed. At some point, appellant told the cousin that everybody was against him and taking his children away from him. He then admitted that he had "only meant to get the explorer" and did not intend for the fire to spread to the house because he did not want to hurt his son.

When the cousin suggested that he talk to the police, appellant threatened to beat her up if she contacted law enforcement. Later that day, the cousin went to take the trash out of her apartment when she noticed appellant standing on her patio. Appellant began yelling at her and advancing toward the apartment The cousin retreated inside as appellant followed her. Upon entering, appellant picked up a coffee mug and struck the cousin in the head, causing her to fall to the ground. Appellant then began turning over plants and throwing papers on the floor before fleeing the apartment. In her distress, the cousin attempted to call several different friends and relatives to help her, but no one responded. She eventually called the police to come to her aid.

¶ 5 In his defense, appellant called five witnesses: three witnesses to establish his alibi for the April 2018 event and two expert witnesses, one in the field of fire investigation and the other in cellular telephone record analysis.

5

(Judgment, *State v. Kirby*, State Court Record, ECF No. 23, Ex. 16, PageID 214-26). Kirby's "new evidence" does nothing to rebut these factual findings. Thus the trial jury would have known that Kirby was willing to suborn perjury by presenting three false alibi witnesses. It would have known that, after admitting to his disabled cousin that he had indeed set the fire, he attacked her physically when she suggested he go to the police. Considering those facts, it is very unlikely jurors would have been persuaded by Kirby's cavils about failure of the Middletown Police to keep the burned car or possible alternative theories of how the fire started.

**Conclusion**

Because Kirby's claim of actual innocence is thoroughly unpersuasive, his Petition should be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 14, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #