# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**BRYAN KIRBY,**

    **Petitioner,**

        **Case No. 1:23-cv-424**

  v.

        **JUDGE DOUGLAS R. COLE**

**WARDEN, NORTH CENTRAL**    **Magistrate Judge Merz**
**CORRECTIONAL COMPLEX,**

    **Respondent.**

## OPINION AND ORDER

Before the Court are Magistrate Judge Merz's February 19, 2025, Report and Recommendations (R&R, Doc. 32), and May 15, 2025, Supplemental Report and Recommendations (Supp. R&R, Doc. 37), both of which recommend that the Court dismiss Petitioner Bryan Kirby's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) as time barred. Kirby objected to the first of those two R&Rs. (Doc. 35). For the reasons stated below, the Court **OVERRULES** Kirby's Objections, (Doc. 35), **ADOPTS** the R&Rs (Doc. 32, 37), and **DISMISSES** Kirby's Petition (Doc. 1) **WITH PREJUDICE**.

## BACKGROUND

In September 2017, Kirby set fire to his now-estranged wife's Ford Explorer. *See State v. Kirby (Kirby I)*, 2020-Ohio-4005, ¶¶ 1–2 (12th Dist.). As the fire engulfed the vehicle, it spread to her house. *Id.* ¶ 2. A fortuitous knock on the door woke Kirby's then-wife, allowing her to escape from the home with her son. *Id.* When the fire and police departments opened investigations to explore the fire's cause, they interviewed

Kirby who initially assured them he had not been in town on the day of the fire. *Id.* ¶ 3. But in a later interview, Kirby changed his story. He admitted he was in town that day, but claimed he had gone to visit a woman at the local pharmacy—a woman he refused to name. *Id.* So a detective reviewed surveillance footage from a business around the pharmacy, but it did not place Kirby in the area. *Id.* Investigators ultimately determined that the fire was man-made and had originated in the Ford Explorer. *Id.*

Then, a few months later, Kirby visited his cousin. *Id.* ¶ 4. During that visit, he told her "that everybody was against him and taking his children away from him." *Id.* And in the same conversation, he "admitted that he had 'only meant to get the explorer' and did not intend for the fire to spread to the house." *Id.* When his cousin suggested that he talk to the police, Kirby threatened to beat her up if she contacted law enforcement. *Id.* A little while later, Kirby struck her in the head with a coffee mug and wrecked her apartment. *Id.* So the cousin called the police on him. *Id.*

Presented with that evidence, a Butler County, Ohio, jury found Kirby guilty of one count of aggravated burglary, one count of assault, two counts of aggravated arson, and two counts of arson. (State Ct. R., Doc. 23, #142–43). The trial court imposed an aggregate sentence of thirteen years of imprisonment and ordered restitution payments for the victims. (*See id.* at #142–44). Kirby then appealed, raising a claim of ineffective assistance of counsel and various evidentiary problems that he said violated his due process rights. (*Id.* at #148, 151–73). But the appeals court affirmed his conviction. *Kirby I*, 2020-Ohio-4005, ¶ 42. And on December 15,

2020, the Supreme Court of Ohio declined to accept jurisdiction over his appeal. (Doc. 23, #258).

Kirby filed his first petition for post-conviction relief on September 25, 2020, in the Butler County Court of Common Pleas. (*Id.* at #260–64). There, he raised an ineffective assistance of counsel claim based on his trial counsel's failure to investigate. (*Id.*). The trial court denied that petition, (*id.* at #276–83), and the state appeals court affirmed, (*id.* at #378–79). Then, on August 17, 2021, a date that becomes relevant as explained below, the Supreme Court of Ohio again declined to accept jurisdiction over his appeal. (*Id.* at #393).

After Kirby failed to obtain post-conviction relief in state court, he turned to the federal courts. He filed his first federal petition for a writ of habeas corpus on July 19, 2021. (*Id.* at #394–409). But he voluntarily withdrew that petition on November 18, 2022. (*Id.* at #454).

Kirby then pivoted back to the state courts where he filed three motions: a motion for leave to file a motion for a new trial, (*id.* at #460–74), a motion for a new trial, (*id.* at #475–81), and a second petition for post-conviction relief, (*id.* at #482–99). In support, Kirby claimed that he possessed two pieces of newly discovered evidence that warranted a new trial. First, he said he had evidence that the Ford Explorer was subject to a recall (to fix a defective part) but had never been repaired. (*Id.* at #461). In his view, a reasonable jury could have determined that the defective "component of [the Ford Explorer] could catch fire whether the vehicle was on or off," thus exculpating him as the fire's cause. (*Id.*). Second, Kirby said he had evidence

3

that an impound lot—where the police department could have "preserved" the charred vehicle—existed. (*Id.* at #461–63). He argued that the lot's existence would have impeached the investigating officer's testimony that the police department had no place to store the vehicle. (*Id.* at #462). And he insists that had the officers preserved the vehicle on that lot, it would have given Kirby a chance to prove the defective component. (*Id.*).

The state trial court, however, denied all three of Kirby's motions. (*Id.* at #507–11). And the state appeals court affirmed. *State v. Kirby (Kirby II)*, 2022-Ohio-4447, ¶ 17 (12th Dist.). Because the evidence Kirby claimed was "newly discovered" existed at the time of trial and could have been discovered with reasonable diligence, the appeals court deemed his motion for a new trial untimely. *Id.* ¶¶ 11–13. Then, for a third time, the Supreme Court of Ohio declined to accept jurisdiction over the appeal. (Doc. 23, #577).

Unhappy with that outcome, Kirby has returned to the federal courts. He filed the instant petition in this Court on June 27, 2023.[1] (Doc. 1). In it, Kirby raises one ground for relief: that the state trial court abused its discretion when it failed to hold a hearing on his motion for leave to file a motion for a new trial. (*Id.* at #5). He says that it "violated [his] right to be heard as the evident [sic] [he] put fourth [sic] met

---

[1] Although the docket reflects that Kirby filed his petition on July 11, 2023, the petition indicates that Kirby placed it in the prison mailing system on June 27, 2023. (Doc. 1, #15). So that is the date the Court considers the filing date. *Cretacci v. Call*, 988 F.3d 860, 865–66 (6th Cir. 2021).

4

the requirement pursuant to Criminal Rule 33 as well as the Ohio Postconviction [] statute dictate [sic]." (*Id.*).

The Magistrate Judge's first R&R recommends dismissing Kirby's petition as untimely since Kirby filed it well outside the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) one-year statute of limitations. (Doc. 32, #1465–68). The R&R adds that the evidence Kirby put forth to support his motion for a new trial in the state courts does not meet the standard necessary to establish his actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), which means Kirby is not entitled to rely on the actual-innocence exception to AEDPA's statute-of-limitations. (*Id.* at #1468–70). And the R&R concludes that, in any event, Kirby's single ground for relief—that the trial court improperly denied him an evidentiary hearing on his motion for a new trial—is a question of Ohio law, not federal constitutional law. (*Id.* at #1471–72). So Kirby does not state a claim for federal habeas relief. (*Id.*).

Kirby objected on four grounds: (1) the new evidence he presented is sufficient to satisfy *Schlup*'s standard, (2) the Magistrate Judge, like the state courts, did not properly "inquire" into the merits of his new evidence claim, (3) the Magistrate Judge clearly erred because Kirby was "unavoidably prevented" from discovering relevant facts during his trial, and (4) the state trial judge's abuse of discretion in denying a hearing is a due process violation because it prevented him from providing evidence of his actual innocence. (*See generally* Doc. 35).[2]

---

[2] Within the fourteen-day window to object, Kirby moved for an extension of time to file objections, (Doc. 33), which the Magistrate Judge granted, giving Kirby until May 6, 2025, to file any objections, (3/7/25 Not. Order).

5

In light of those objections, the Court returned the matter to the Magistrate Judge under Federal Rule of Civil Procedure 72(b)(3) for further consideration. (Doc. 36). The Magistrate Judge then issued a Supplemental R&R explaining why the evidence to which Kirby points as exculpatory isn't "new" evidence as precedent defines the term and why Kirby's actual-innocence argument doesn't meet the relevant standard. (*Id.* at #1557–61). This time, Kirby did not object within the fourteen-day deadline.[3] So both R&Rs are now ripe for review.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

As for unobjected R&Rs, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

---

[3] After the fourteen-day objection window passed, Kirby moved for an extension of time to file objections to the Supplemental R&R. (Doc. 40). But this time, the Magistrate Judge denied Kirby's motion for lack of good cause. (6/4/25 Not. Order).

Having conducted that de novo review for the objected R&R and clear error review for the unobjected R&R, the Court agrees that Kirby's petition is time barred and that his claim of actual innocence is not persuasive, meaning he cannot overcome the statute-of-limitations bar.

Under AEDPA, a § 2254 habeas petitioner typically must file his petition within one year of either the date on which the prisoner's state conviction became final or the expiration of the time for seeking direct review of that conviction. 28 U.S.C. § 2244(d)(1)(A); *see also Jenkins v. Burgess*, No. 22-1451, 2022 WL 16985646, at *1 (6th Cir. Oct. 14, 2022). That is, unless a "properly filed application for State post-conviction or other collateral review" tolls the statute of limitations in the meantime. 28 U.S.C. § 2244(d)(2); *Shigwadja v. Corrigan*, No. 23-1910, 2024 WL 1553681, at *2 (6th Cir. Mar. 11, 2024). As the R&R correctly notes, Kirby's conviction and sentence became final well over one year before he filed this petition. (Doc. 32, #1466). The Supreme Court of Ohio declined to exercise jurisdiction over his first state-court post-conviction petition on December 15, 2020. (Doc. 23, #258). So the statute of limitations for his habeas petition began running no later than March 16, 2021—the day after his opportunity to seek review in the United States Supreme Court expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283–85 (6th Cir. 2000). That means the limitations period ended one year later on March 16, 2022. And since Kirby filed his petition on June 27, 2023, it was long out of time unless the limitations period was tolled under 28 U.S.C. § 2244(d)(2).

Kirby's trouble, though, is that only one of his three post-conviction filings tolled the statute of limitations, and it did not do so for long enough to make Kirby's instant petition timely. That first filing is Kirby's initial petition for post-conviction relief, which he filed in state court on September 25, 2020. (Doc. 23, #260–64). As the R&R notes in passing, (Doc. 32, #1466), that petition tolled the statute of limitations until August 17, 2021, when the Supreme Court of Ohio declined to accept jurisdiction over an appeal of a denial of that petition. (Doc. 23, #393); 28 U.S.C. § 2244(d)(2).

Kirby's other two post-conviction filings aren't so helpful. His first federal habeas petition, (Doc. 23, #394–409), which he voluntarily withdrew on November 18, 2022, (*id.* at #454), did not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2) [and] therefore d[oes] not toll the limitation period.").

Kirby's motion for leave to file a delayed motion for new trial likewise did not toll the statute of limitations. (Doc. 32, #1466–67). A state postconviction petition that the state court rejects as untimely is not "properly filed" and therefore does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Davis v. Bradshaw*, 900 F.3d 315, 323–24 (6th Cir. 2018). That's just what happened here. The state trial court rejected Kirby's motion for leave (and the other motions he filed alongside it) as an "inappropriate filing for post-conviction relief, and a motion for a new trial." (Doc. 23, #508). Specifically, the court determined that Kirby's motion fell outside Ohio Revised Code § 2953.23(A)'s timeliness exceptions, which meant the

8

court lacked jurisdiction to consider his untimely petition. (*Id.* at #510–11). The state appeals court affirmed. *Kirby II*, 2022-Ohio-4447, ¶¶ 11–13, 16–17. And the Supreme Court of Ohio declined to exercise jurisdiction. (Doc. 23, #577). In short, since the Ohio courts determined that Kirby's motion did not meet Ohio's timing rules governing new-trial motions (and was thus not "properly filed"), his instant petition "does not receive the benefit of statutory tolling." *Davis*, 900 F.3d at 324.

Taken together, only Kirby's first state-court habeas petition tolled the statute of limitations and did so only until August 17, 2021. That means Kirby's current petition, which he filed on June 27, 2023, is well outside the limitations period.

Kirby, in objecting to that conclusion, doesn't really attempt to refute the applicable statute of limitations. Instead, he claims he has established a credible claim of actual innocence, which means the Court should reach the merits of his petition, the expired limitations period notwithstanding. (Doc. 35, #1478–81). To Kirby's credit, actual innocence is an exception to § 2244(d)(1)'s statute of limitations that permits federal habeas review of an otherwise procedurally defaulted claim. *McQuiggin v. Perkins*, 569 U.S. 383, 392–94 (2013). But it's a heavy burden to meet. *Id.* at 401. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (cleaned up). So, to make an actual innocence claim, the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. And he must show "it is more likely than

9

not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including any evidence allegedly "available only after the trial." *Id.* at 327–28 (quotation omitted). In a word, the actual innocence exception is "rare" and should "only be applied in the extraordinary case." *Id.* at 321 (quotation omitted).

As the second (unobjected) R&R explains, Kirby did not meet that heavy burden. For one, the evidence to which he points—the existence of an impound lot and of service records of the burned Ford Explorer—is not "new" evidence. *See Schlup*, 513 U.S. at 324. The Ohio appeals court said as much when it affirmed the trial court's denial of Kirby's motion for leave to file a motion for a new trial: "[I]t was no secret that the Ford Explorer was subject to a recall at the time of Kirby's trial … [or] that there existed an impound lot that police could have, in theory, used to store the fire damaged Ford Explorer … This holds true regardless of whether Kirby, or his trial attorney, were actually aware of these facts at the time Kirby's trial began." *Kirby II*, 2022-Ohio-4447, ¶ 13. For another, it is not more likely than not that no reasonable jury would have found him guilty in light of this so-called new evidence. *Schulp*, 513 U.S. at 327. In affirming Kirby's conviction on direct appeal, the Ohio Twelfth District found that Kirby admitted to his cousin that he had started the fire and further "threatened to beat her up if she contacted law enforcement" about it. *Kirby I*, 2020-Ohio-4005, ¶ 4. As the R&R notes, any evidence about the police department's failure to keep the burned car or evidence about possible alternative

10

theories of how the fire started "does nothing to rebut" the state court's factual findings. (Doc. 37, #1561).

In sum, the Court agrees that Kirby's filed his petition too late. And because the procedural bar to Kirby's petition is "plain," the Court finds that "jurists of reason would [not] find it debatable" that Kirby's habeas petition is time barred, which means he is not entitled to a certificate of appealability under § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons explained, the Court **OVERRULES** Kirby's Objections, (Doc. 35), **ADOPTS** the R&Rs (Docs. 32, 37), and **DISMISSES WITH PREJUDICE** Kirby's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). The Court also **DENIES** Kirby a certificate of appealability under 28 U.S.C. § 2253(c). Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

June 23, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**