# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,    :    Case No. 1:23-cv-424

  - vs -                        District Judge Douglas R. Cole
                                       Magistrate Judge Michael R. Merz

TOM WATSON, WARDEN, North Central
 Correctional Complex,

                                      :
        Respondent.

## DECISION AND ORDER

      This habeas corpus case, brought by Petitioner Bryan Kirby *pro se* under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion "to grant a Mail Box Rule Compliance with FRAP 4 (c)(1) that can show caused [sic] why the habeas corpus petition should not be dismissed according to *Houston v. Lack* 437 U.S. 266 108 S.Ct 2378." (ECF No. 50).

      As the Magistrate Judge understands the Motion, Kirby seeks to show his filings have been timely and therefore the Court's recent rulings should be reconsidered.  The docket shows that the Supplemental Report and Recommendations was filed May 15, 2025, and served on Petitioner the same day (ECF No. 37).  Services here means sending, not receiving as Petitioner was advised (PageID 1561).  Petitioner's Exhibit A to his Motion at PageID 1753 shows this document was in fact mailed by the Clerk on May 15, 2025, but not received at Petitioner's institution of confinement until May 28, 2025.  Under Fed.R.Civ.P. 72 and 6, Petitioner's Objections were due to be filed by June 2 (fourteen days plus three days plus one day because the last day (June 1) was

1

a Sunday).

On June 4, 2025, Petitioner filed a motion for a sixty-day extension of time to file objections (ECF No. 40). He gave no reasons for an extension at all and in particular did not claim late receipt of the Supplemental Report. The undersigned denied the motion for extension because Petitioner had made no showing (or even attempted showing) of good cause (ECF No. 41). That Notation Order was also served on Petitioner by ordinary mail the same day.

Petitioner filed nothing further before Judge Cole dismissed the case on June 23, 2025 (ECF Nos. 42, 43). The very next day, June 24, 2025, the Clerk received and docketed a document labeled "Petitioner's Reply to Respondent's [sic] Supplemental Report and Recommendations (ECF No. 44). The document contains a Certificate of Service claiming it was filed June 10, 2025, but does not give a method of filing. Petitioner's Exhibit B to his Motion at PageID 1754, Kirby presents proof that he made a cash withdrawal of $3.71 on June 10, 2025, from his prison account; he asserts this was for the mailing of his objections to the Supplemental Report (labeled by him as a "Reply to Respondent's Report"). The Magistrate Judge accepts this as proof that Kirby mailed those objections on June 10, 2025, but that was eight days late; objections were due to be filed by June 2, 2025. That is why the Objections/Reply was stricken (ECF No. 45).

The Clerk, on Judge Cole's Order, entered judgment on June 23, 2025 (ECF No. 43). The judgment was served on Petitioner by ordinary mail (See docket entry for ECF No. 43). Petitioner's Notice of Appeal (ECF No. 46) was received and docketed by the Clerk on July 28, 2025. The envelope in which the Notice of Appeal was mailed shows it was mailed on July 23, 2025 (PageID 1737). Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days of judgment. Petitioner's Notice of Appeal was therefore timely filed because it was deposited in the mail thirty days after judgment. *Houston v. Lack*, 487 U.S. 266

(1988).

Accordingly, the Court recognizes Kirby's Notice of Appeal was timely filed; to that extent his current Motion is granted. However, he has failed to show his other disputed filings were timely; to that extent his Motion is denied.

August 25, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge